## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **CANDACE SEARCY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00493-O-BP** |
| | § | |
| **KELLER INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Complaint (ECF No. 1), Answers to the Court's Questionnaire (ECF Nos. 24-28), and Answers to the Court's Supplemental Questionnaire (ECF Nos. 30-32), filed by Plaintiff Candace Searcy ("Searcy"), proceeding pro se and in forma pauperis. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **with prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.      BACKGROUND

Keller Independent School District ("KISD") employed Searcy, an African American, as a teacher until her termination on April 27, 2020. ECF No. 24 at 7. Searcy alleges that other white teachers at the school harassed her and that when she reported it to human resources, she was harassed further. ECF No. 3 at 2. According to the complaint, in 2020, when Searcy reported this behavior to KISD personnel, she was put on administrative leave. *Id.* She further alleges that aside from ultimately being terminated for complaining to the authorities, various students and faculty

members throughout different schools in the district also bullied and harassed her three children. *Id.* at 3-4.

On May 16, 2020 Searcy timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 24 at 2, 32 at 1-4. On April 14, 2021, she received her right-to-sue letter from the EEOC notifying her that she had ninety days to file suit. ECF No. 32 at 2. Searcy did not file her claim within the allowable time frame because she says she was seriously injured in a car accident and could not find or afford an attorney who would represent her. ECF Nos. 24 at 2, 32 at 1-2.

She filed suit on April 24, 2023 in the Dallas Division, and her case was transferred to the Fort Worth Division on May 1, 2023. ECF Nos. 18. Searcy's case was then automatically referred to the undersigned pursuant to Special Order 3. ECF No. 12. By Order dated June 7, 2023, the Court granted Searcy's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No.22), subject to judicial screening under 28 U.S.C. § 1915. ECF No. 5. To better understand her allegations, the Court ordered Searcy to answer a Questionnaire and a Supplemental Questionnaire concerning her civil rights claims. ECF Nos. 23, 29. Searcy answered the Questionnaires on June 9, and June 13, respectively. ECF Nos. 24-28 and 30-32.

## II.    LEGAL BACKGROUND

Because Searcy is proceeding in forma pauperis, her complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a viable claim

for relief, Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To demonstrate entitlement to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and the Fifth Circuit thus recommends that suits be dismissed without prejudice on § 1915 dismissals. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a § 1915 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. An incurable defect may arise when a complaint's facts are "not actionable as a matter of law." *Id.* In such situations, amendment would

3

be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Courts may also appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot ... amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that the plaintiff has been shown all the deference [s]he is due." *Sims v. Tester*, No. 3:00-cv-0863-D, 2001 WL 627600, at \*2-\*3 (N.D. Tex. 2001).

## III.   ANALYSIS

### A.   Searcy's Title VII claims are time-barred.

Before a plaintiff can file a suit in federal court alleging employment discrimination or retaliation under Title VII, she must exhaust her administrative remedies. *Griffith v. Cinepolis USA, Inc.,* No. 3:20-cv-3455-G-BN, 2021 WL 3059412 (N.D. Tex. June 28, 2021), *rec. adopted*, No. 3:20-cv-3455-G-BN, 2021 WL 3054865 (N.D. Tex. July 20, 2021). She exhausts those remedies by filing "a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Id.* "Exhaustion occurs when [a] plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id.* The filing of an EEOC charge "is a precondition to filing suit in district court." *Reed v. Fas Pac Store*, No. 7:18-cv-164-O-BP, 2020 WL 853908, at \*3 (N.D. Tex. Feb. 4, 2020) (citations omitted), *rec. accepted*, 2020 WL 833419 (N.D. Tex. Feb. 20, 2020). And, "[a]fter a claimant receives a Notice-of-Right-to-Sue from the EEOC, Title VII permits them ninety days to file a complaint." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)).

Proper administrative exhaustion is not a technicality or procedural "gotcha," but rather an integral due process protection that affords defendants fair notice of potential claims. *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 272 (5th Cir. 2008). A plaintiff must exhaust her available remedies "before seeking judicial relief" *Id*. at 273. A plaintiff's pro se status does not alter the analysis or otherwise turn this requirement into a suggestion. *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983); *Taylor*, 296 F.3d at 378-79.

KISD terminated Searcy's employment on April 27, 2020, which is the last date of any possible discriminatory conduct against her by the district. ECF No. 24 at 7. Searcy filed her complaint with the EEOC in a timely fashion, but she did not file suit within the required ninety days after receipt of her right-to-sue letter. ECF No. 32 at 2. Therefore, Searcy's Title VII claim is time-barred absent any tolling exceptions.

Equitable tolling is to be applied "sparingly." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The plaintiff has the burden to provide justification for the tolling. *Id.* The Fifth Circuit has described three bases for equitable tolling. *Id*. A plaintiff may show the pendency of a suit between the same parties in the wrong forum, the plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them, or the EEOC's misleading the plaintiff about the nature of her rights. *Id*. This list is not exhaustive, and courts may recognize other exceptions. *Id*. Additionally, the Court is "more forgiving when a claimant or her attorney has exercised due diligence in pursuing her right." *Id*.

Here, the Court liberally construes Searcy's description of her health issues and financial hurdles as a request that the Court equitably toll the deadline for her to file this case. Searcy alleges that she was in a serious car accident in May 2020 requiring a trip to the hospital and physical

therapy for an injured neck and back and for migraine headaches. ECF No. 32 at 3. She further contends that she tried to find an attorney during that period, but "could not find one that would assist her without a substantial amount of money." *Id.* None of the facts Searcy alleges amount to an extraordinary reason to support equitable tolling or show that events outside of her control caused her to not file her lawsuit in a timely fashion, almost two years too late. Absent such a showing, equitable tolling is not warranted. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256-57 (2016); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

While Searcy diligently pursued her rights initially, she did not continue to do so. The over two-year delay between receipt of the EEOC's right-to-sue letter in April 2021 and filing suit in April 2023 does not show reasonable diligence to preserve her legal rights. The Court finds no exceptions that would justify tolling the filing requirement, and therefore Searcy's Title VII claims are time-barred.

Because courts prefer to decide cases on their merits rather than technicalities, § 1915 dismissals such as the one recommended here ordinarily are made without prejudice. *See Great Plains Tr. Co.*, 313 F.3d at 329. However, dismissal with prejudice is appropriate when a plaintiff could not successfully bring her claim even if given the opportunity to amend it and fix its facial deficiencies. *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016). Searcy's claims against KISD are time-barred, and any further amendments would be futile. *Schiller*, 342 F.3d at 566. Accordingly, because Searcy cannot successfully bring a claim even if given the opportunity to amend her complaint, the Court should dismiss her Title VII claims with prejudice.

### B.    Searcy did not state a Title VII discrimination claim.

Even if Searcy had filed her claims timely, she has not pleaded her discrimination claim with sufficient specificity. Although the plaintiff does not have to offer evidence to establish a

prima facie case of discrimination at this stage, she must plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make her case plausible. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). In evaluating the plausibility of a claim, the Court uses the *McDonnell Douglas* framework. *Chimm*, 836 F.3d at 470; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under *McDonnell Douglas*, the plaintiff must show that she is a member of a protected group, was qualified for the position at issue, was discharged or suffered some adverse employment action by the employer, and was either replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Searcy is a member of a protected group since she is an African American, and KISD terminated her employment, which was an adverse employment action. ECF Nos. 3 at 2; 24 at 3. However, Searcy has not pleaded facts to show that someone outside of her protected group replaced her or that KISD treated her less favorably than other similarly situated employees outside of the protected group. *See id.* Her only attempt to show unequal treatment is her allegation that a white teacher who insulted her faced no negative consequences because of her racist comments. *Id.* Standing alone, this allegation is not enough to show disparate treatment.

Moreover, Searcy did not plead any facts to show that KISD had any discriminatory intent or racial animus when firing her. While she repeatedly argued that other faculty members "falsely accused" her of not following several procedures, that others were not being "fair or honest" with her, or that other teachers at other schools were "yelling at [her] biological kids by saying mean things to them," Searcy did not plead any facts to show that KISD fired her due to any sort of discriminatory animus. ECF No. 24 at 3-6. Stating in conclusional fashion that "they harass[ed]

and mistreat[ed] me due to race instead of [HR] holding the white teacher accountable for her racist actions" without pleading any supporting facts does not show KISD's discriminatory intent. ECF No. 24 at 2. Thus, Searcy's assertions that KISD fired her because of her race are speculative and do not state a plausible employment discrimination claim.

###     C.     Searcy's discrimination claim should be dismissed with prejudice.

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-cv-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims,* 2001 WL 627600, at *2. Courts therefore typically allow pro se plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-cv-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); Sims, 2001 WL 627600, at *2. Leave to amend is not necessary, however, where the plaintiff has already pleaded her best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam). A verified questionnaire response allows a plaintiff to plead her best case and is a valid way for a pro se litigant to amend her complaint.  *Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) (Responding to the magistrate judge's questionnaire is an acceptable method for a pro se litigant to develop the factual basis for his complaint.).

Here, Searcy has responded to two questionnaires allowing her to allege her best case. (*See* docs. 10, 12.) Further leave to amend is not warranted. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (affirming dismissal with prejudice when the pro se plaintiff's response to the questionnaire showed that he had pleaded his best case); *see also Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("[P]laintiffs cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold.").

**D.  Had Searcy timely filed her suit, she pleaded enough facts to state a Title VII retaliation claim.**

Under Title VII, retaliation occurs when a plaintiff participated in an activity protected by Title VII, the employer took an adverse employment action against her, and a causal connection exists between the protected activity and the adverse employment action. *McCoy*, 492 F.3d at 556-57. A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj,* 714 F.3d at 331. But a plaintiff must "plead sufficient facts on all of the ultimate elements of h[er] claim to make h[er] case plausible." *Chhim*, 836 F.3d at 470 (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) ("*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims.") (citations omitted). So, at this stage, the Court must ask whether Searcy has provided enough facts to allege an actionable claim of retaliation under Title VII. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

Searcy participated in a protected activity by reporting KISD's alleged bad conduct, and she suffered an adverse employment action against her when she was put on administrative leave and then fired. ECF No. 3 at 2, 24 at 7. Liberally construed, Searcy has plausibly alleged "a causal connection exists between the protected activity and the adverse employment action." *Garvin v. Sw. Corr., L.L.C.*, 391 F. Supp. 3d 640, 653 (N.D. Tex. 2019). Evidence of a causal connection includes: temporal proximity between a protected act and adverse employment action; an employment record that does not support the adverse action; and an employer's departure from typical policies and procedures. *Id.* Temporal proximity alone may suffice when the acts are separated by weeks, but a gap of five months is not sufficient without other evidence of retaliation. *Id*.

Searcy alleges that KISD fired her for reporting the discrimination that she faced during the 2019-20 school year to her superiors at the school and to the police department. ECF No. 24 at 7. After going to KISD's Human Resources Department, she was placed on administrative leave and then one week after filing a police report in April 2020, she was terminated. ECF No. 3 at 2 and 24 at 6-8.  Because there exists such close temporal proximity here, the Court concludes that Searcy states a plausible claim of retaliation under Title VII.

Therefore, had Searcy timely filed her lawsuit, she likely pleaded a retaliation claim that would survive screening under § 1915. However, she did not timely file this suit, and the Court should dismiss her retaliation claim with prejudice.

## IV.     CONCLUSION

Searcy did not file a timely lawsuit after receiving her EEOC right-to-sue letter. Even if she had, she did not plead sufficient facts in her complaint and answers to the Court's questionnaires to support a discrimination claim. Her retaliation claim would have survived screening under 28 U.S.C. § 1915, but she did not file it timely. Thus, after considering the pleadings and applicable legal authorities, and noting that any amendment of Searcy's pleadings would be futile, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **with prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

10

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 25, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE